NO. 4-97-0580

IN THE APPELLATE COURT 

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from

Plaintiff-Appellee, )  Circuit Court of

v. )  Champaign County

KOREY L. JOHNSON, )  No. 97CF864

Defendant-Appellant. )  

    )  Honorable

)  John G. Townsend,

)  Judge Presid­ing. 

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

At a hearing in March 1997, the trial court ordered defen­dant, Korey L. John­son, to pay for the attorney appointed to represent him on charges that he had violated the terms of his probation, pursu­ant to section 113-3.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-3.1 (West 1996)).  Defen­dant ap­peals the payment order, arguing that the court erred by failing to conduct the statutorily required hearing on his ability to pay.  We agree and reverse and remand.

I.  BACKGROUND 

In April 1995, defen­dant pleaded guilty to bur­glary (720 ILCS 5/19-1 (West 1994)) and was sentenced to 24 months' proba­tion.  On March 10, 1997, the State filed a peti­tion seeking to revoke defendant's probation, and on March 24, 1997, the State filed a supplemental petition to revoke.  

On March 13 and 24, 1997, defendant appeared in court on the petitions to revoke.  On March 13, 1997, defendant asked for court-appointed counsel and presented the trial court with a finan­cial affida­vit in support of his request.  On both dates, the court ap­point­ed counsel for defendant and ordered him to pay $300 at the rate of $30 per month for the court-ap­point­ed attor­ney, pursuant to section 113-3.1 of the Code.  In April 1997, the court revoked defendant's proba­tion.  In May 1997, the court sentenced defen­dant to 42 months in pris­on.  Defendant appeals only the payment orders, and the parties have stipulated on appeal that the court did not conduct a hearing in compliance with 
People v. Love
, 177 Ill. 2d 550, 555, 687 N.E.2d 32, 35 (1997), before entering the payment orders at issue.

II.  ANALYSIS

Defendant argues that the trial court erred by failing to conduct a hearing on his ability to pay, as required by section 113-3.1(a) of the Code (725 ILCS 5/113-3.1(a) (West 1996)).  We agree.  That section provides, in pertinent part, as fol­lows:

"Whenever *** the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such rep­resentation.  In a hear­ing to de­ter­mine the amount of the pay­ment, the court shall con­sider the affida­vit pre­pared by the defen­dant under Section 113-3 of this Code and any other information per­tain­ing to the defendant's financial cir­cum­stanc­es which may be submit­ted by the par­ties."  725 ILCS 5/113-3.1(a) (West 1996).

Thus, the statute requires a trial court to conduct a hearing regarding a defendant's financial resources to deter­mine his abili­ty to pay for court-appointed counsel.  
Love
, 177 Ill. 2d at 555, 687 N.E.2d at 35.  The hearing is a safe­guard de­signed to ensure that a reim­burse­ment order entered under section 113-3.1 of the Code meets constitu­tional due process standards.  
Love
, 177 Ill. 2d at 564, 687 N.E.2d at 39.  The supreme court has further explained that "[t]he hearing must focus on the fore­seeable abil­i­ty of the defen­dant to pay reim­bursement as well as the costs of the representa­tion pro­vid­ed."  
Love
, 177 Ill. 2d at 563, 687 N.E.2d at 38.  Thus, the statutori­ly required hearing need only (1) provide the defendant with notice that the trial court is considering imposing a payment order, pursuant to section 113-3.1 of the Code, and (2) give the defendant an oppor­tu­nity to present evi­dence regarding his ability to pay and other relevant circum­stances, and otherwise to be heard regarding whether the court should impose such an order.

We emphasize that "notice" for purposes of this hearing means only that the court should inform defendant in open court immediately prior to the section 113-3.1 hearing of (1) the court's intention to hold such a hearing, (2) what action the court may take as a result of the hearing, and (3) the opportuni­ty the defendant will have to present evidence and otherwise to be heard regarding whether any payment order should be entered, and if so, in what amount.

Because the trial court did not conduct a hearing as required by section 113-3.1 of the Code before entering a payment order under that section, we reverse the payment order entered and remand for further proceedings consistent with the views expressed herein.

III.  CONCLUSION

For the reasons stated, we reverse the trial court's payment order and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

GARMAN, P.J., and COOK, J., concur.